# UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHANNES CLAUS, an individual<br><br>Plaintiff-Appellant,<br><br>-vs-<br><br>CANYON COUNTY, IDAHO, a political subdivision of the State of Idaho,<br><br>Defendant-Appellee. | **Docket No. 22-35292** |

## APPELLANTS' REPLY BRIEF

Appeal from the United States District Court for the District of Idaho, Boise
District Court Case No. 1:19-cv-00197-REP

The Honorable Raymond E. Patricco Presiding

Eric S. Rossman, ISB #4573
Erica S. Phillips, ISB #6009
ROSSMAN LAW GROUP, PLLC
350 N. 9th Street, Suite 500
Boise, Idaho 83702
Telephone: (208) 331-2030
Facsimile: (208) 947-2424
erossman@rossmanlaw.com
ephillips@rossmanlaw.com

Matthew G. Gunn, ISB #8763
LAW OFFICES OF MATTHEW G. GUNN
702 West Idaho Street, Suite 1100

Boise, ID 83702
Telephone: (208) 472-8834
matt@lawmgg.com
*Counsel for Plaintiff/Appellant*

## TABLE OF CONTENTS

TABLE OF CASES AND AUTHORITIES. ................................................... 1

OTHER AUTHORITIES……………………………………………….3

INTRODUCTION. ........................................................................... 4

ARGUMENT………………………………………………………...5

    A.    Competing, Plausible Narratives Renders Summary
           Judgment Inappropriate ............................................................. 5

    B.    The District Court Erred in Ruling as a Matter of Law that
           Mr. Claus's USERRA-Protected Activity was Not a
           Motivating Factor in Canyon County's Termination
           of his Employment ................................................................... 8

           1.    Temporal Proximity…………………………………..9

           2.    Inconsistency in Canyon County's Stated Reason
                  for Termination………………………………………...12

           3.    Hostility Towards Military Service .............................. 13

           4.    Disparate Treatment…………………………………14

           5.    The Entirety of the Record Evidence…………………..15

    C.    The District Court Erred in Ruling as a Matter of Law that
           Mr. Claus was Appropriately Terminated Based on the
           Amended Witness List Filing, Regardless of any
           USERRA-Protected Activity .................................................... 18

    D.    Mr. Claus's Emotional Distress Claim is Dependent on the
           Viability of his USERRA Claim……………………………...22

CONCLUSION     ........................................................................ 23

STATEMENT OF RELATED CASES ......................................................... 24

CERTIFICATE OF COMPLIANCE ........................................................... 25

CERTIFICATE OF SERVICE ................................................................... 26

## TABLE OF CASES AND AUTHORITIES

*Adetuyi v. City & Cty*. of San Francisco, 63 F. Supp. 3d 1073, 1090
(N.D. Cal. 2014).......................................................................... 11

*Alan's of Atlanta, Inc. v. Minolta Corp*., 903 F.2d 1414, 1425
(11th Cir.1990)............................................................................ 6

*Bollinger v. Fall River Rural Elec. Co-op., Inc*., 152 Idaho 632, 642,
272 P.3d 1263, 1273 (2012)....................................................... 22

*Castillo v. Dominguez*, 120 Fed. App'x. 54, 57 (9th Cir. 2005)............. 11

*Davis v. Team Elec. Co.*, 520 F.3d 1080, 1089 (9th Cir. 2008) ............. 19

*Francis v. Booz, Allen & Hamilton, Inc*., 452 F.3d 299, 308
(4th Cir. 2006)..........................................................................6-7

*Kanne v. Conn. Gen. Life Ins. C*o., 867 F.2d 489, 492 n. 4 (9th Cir.
1988) ......................................................................................... 19

*Leisek v. Brightwood Corp*., 278 F.3d 895,899-900 (9th Cir.
2002) ..........................................................................8-10, 13, 15, 18-19

*Mayeaux v. Houston Indep. Sch. Dist*., 986 F. Supp. 2d 842, 850
(S.D. Tex. 2014)........................................................................7-8

*McKenzie v. Lamb*, 738 F.2d 1005, 1008 (9th Cir. 1984) ........................ 5

*Nicholson v. Board of Education*, 682 F.2d 858, 864 (9th Cir.1982) ..... 22

*Porter v. California Dep't of Corr*., 419 F.3d 885, 895 (9th Cir. 2005) . 11

*Pringle v. Wheeler*, 478 F. Supp. 3d 899, 918 (N. D. Cal. 2020)............ 12

*Proctor v. Consol. Freightways Corp. of Delaware*, 795 F.2d 1472,
1476 (9th Cir. 1986).................................................................. 22

*Ray v. Henderson*, 217 F.3d 1234, 1245 (9th Cir. 2000) ........................ 11

1

*Reed v. Honeywell Int'l, Inc*., 2009 WL 886844, at *8 (D. Ariz. Mar. 31, 2009) ......................................................................................... 6-7

*Sankovich v. Life Ins. Co. of N. Am*., 638 F.2d 136, 140 (9th Cir. 1981) ............................................................................................................. 6

*Scott v. Harris*, 550 U.S. 372, 380, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007) ................................................................................... 5

*Smith v. Christie*, 1980 WL 1483, at *1 (N.D. Cal. Dec. 24, 1980) ........ 22

*Wood v. Dollar Rent-A-Car Sys., Inc.*, 128 F. App'x 620, 622 (9th Cir. 2005) ............................................................................................... 11

*Vahey v. Gen. Motors Co*., 985 F. Supp. 2d 51, 68 (D.D.C. 2013) ........... 7

Other Authorities:

Idaho Rules of Professional Conduct 8.3 ................................................. 13

Title VII of the Civil Rights Act of 1964 ................................................. 11

Uniformed Services Employment and Reemployment Rights
Act of 1994 ("USERRA") ....................................6-8, 10-12, 14-19, 22-23

USERRA § 4316(c) ..................................................................................... 7

## INTRODUCTION

The beating heart of this case is the summary judgment standard of review; that is, whether reasonable minds can disagree as to the interpretation and inferences to be drawn from the operative facts. Both Mr. Claus and Canyon County spent many pages in their opening briefs laying out the facts, and each party's interpretation thereof, surrounding the termination of Mr. Claus's employment by Canyon County in August of 2018.

Mr. Claus will not attempt to gaslight this Court by arguing that his interpretation of the factual circumstances surrounding the termination of his employment by Canyon County is the sole, absolute, objectively correct interpretation of events. Mr. Claus recognizes that reasonable minds could consider the facts he presented in his opening brief and reach a different conclusion than he does. But, conversely, it is plainly evident from the record that reasonable minds could certainly consider the interpretation of the facts presented by Canyon County and reach a different conclusion than that reached by Canyon County (and the District Court).

It is precisely this situation, when reasonable persons can consider a set of facts and reach differing conclusions, that summary judgment is inappropriate and Mr. Claus is entitled to have the merits of his claim decided by a jury of his peers, upon a full presentation of the evidence and live witness testimony. A jury of his

peers may rule in favor of or against Mr. Claus, but the bottom line is Mr. Claus has presented facts more than adequate to entitle him to his day in court.

## ARGUMENT

### A. *Competing, Plausible Narratives Renders Summary Judgment Inappropriate*.

This case does not plow groundbreaking legal territory. Rather, the decision before this Court on appeal is a simple one. If Canyon County's interpretation of the facts surrounding the termination of Mr. Claus's employment is the only plausible interpretation, and it is impossible for reasonable minds to disagree about such interpretation whatsoever, then the District Court did not err and summary judgment was appropriately entered in favor of Canyon County. *See, e.g., Scott v. Harris*, 550 U.S. 372, 380, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." (emphasis added)); *McKenzie v. Lamb*, 738 F.2d 1005, 1008 (9th Cir. 1984)) ("[S]ummary judgment is proper if no reasonable jury could differ . . ." (emphasis added).

If, however, this Court concludes that reasonable minds could examine the facts of this case and plausibly agree with the interpretation of the facts advanced by either Mr. Claus or Canyon County, the District Court erred in granting

summary judgment and reversal is appropriate. *See, e.g., See Sankovich v. Life Ins. Co. of N. Am.*, 638 F.2d 136, 140 (9th Cir. 1981) ("Where there are undisputed facts from which <u>different ultimate inferences might reasonably be drawn and as to which reasonable persons might differ</u>, the case is not suitable for summary judgment." (emphasis added)).

The inquiry is not who is right or wrong, only whether reasonable minds can reaching differing conclusions. Indeed, as Mr. Claus discussed at pages 19-20 of his opening brief, this Court has repeatedly and consistently stated that the bar for granting summary judgment in employment discrimination cases is a high one. Employment discrimination cases, more so than nearly any other type of litigation, turn almost wholly on circumstantial evidence, inferences, and, critically, witness credibility which is most appropriately considered by the jury on a full evidentiary record.

Consistently, this rationale is why federal courts have reiterated that it is quite difficult for employers to obtain summary judgment in USERRA cases specifically. Under USERRA, "employers have the burden of proving that the discharge was reasonable," making it "difficult for employers to achieve summary judgment on claims" under the statute. *Francis v. Booz, Allen & Hamilton, Inc.*, 452 F.3d 299, 308 (4th Cir. 2006) (*citing Alan's of Atlanta, Inc. v. Minolta Corp.*, 903 F.2d 1414, 1425 (11th Cir.1990)). *Accord. Reed v. Honeywell Int'l, Inc.*, 2009

6

WL 886844, at *8 (D. Ariz. Mar. 31, 2009), *as amended* (Apr. 27, 2009) ("Because employers have the burden of proving that the discharge was reasonable, it is difficult for employers to achieve summary judgment on claims under § 4316(c)." (*quoting Francis*, 452 F.3d at 308).)

In *Vahey v. Gen. Motors Co*., the United States District Court for the District of Columbia considered an employer's argument that it did not violate USERRA because it terminated the plaintiff for economic reasons: "Courts have recognized that economic hardship leading to layoffs can qualify as such a legitimate reason. But to successfully invoke this defense, GM bears the burden of proving that the employee's job would have been eliminated or that he or she would have been laid off. For that reason, it is difficult for employers to achieve summary judgment on [USERRA] claims under § 4316(c). 985 F. Supp. 2d 51, 68 (D.D.C. 2013) (internal citations and quotations omitted) (emphasis added).

Similarly, in *Mayeaux v. Houston Indep. Sch. Dist*., the United States District Court for the Southern District of Texas noted that while a USERRA defendant may have a strong liability defense at trial by virtue of an allegedly lawful reason for termination of the plaintiff, summary judgment nonetheless remains difficult under USERRA: "Even with such a motivating factor finding, HISD can still prevail if it shows that it would have made the same decision regardless of Mayeaux's military service. This can be a strong defense at trial,

especially in a case such as this one with well-documented evidence concerning another motivation (the alleged fundraising improprieties). But, as discussed above, <u>it is difficult to prevail at summary judgment on an affirmative defense on which HISD has the burden</u>." 986 F. Supp. 2d 842, 850 (S.D. Tex. 2014) (emphasis added).

## B.   *The District Court Erred in Ruling as a Matter of Law that Mr. Claus's USERRA-Protected Activity was Not a Motivating Factor in Canyon County's Termination of his Employment*.

For the extensive reasons set forth at pages 27-36 of his opening brief, Mr. Claus argues the District Court erred in ruling as a matter of law that Mr. Claus's USERRA-protected activity was not a motivating factor when Canyon County terminated his employment, which is the first step of the burden-shifting analytical framework applied to USERRA claims. See *Leisek v. Brightwood Corp*., 278 F.3d 895, 899 (9th Cir. 2002) ("the employee first has the burden of showing, by a preponderance of the evidence, that his or her protected status was "a substantial or motivating factor in the adverse [employment] action;" the employer may then avoid liability only by showing, as an affirmative defense, that the employer would have taken the same action without regard to the employee's protected status."). Rather, reasonable minds can disagree as to whether Mr. Claus's USERRA-protected activity was a motivating factor in Canyon County's termination of his employment.

On pages 16-25 of its opposition brief, Canyon County walks through factors enumerated in *Leisek*, which can be used to assess the discriminatory motive of an employer:

> [A discriminatory motive] may be reasonably inferred from a variety of factors, including proximity in time between the employee's military activity and the adverse employment action, inconsistencies between proffered reason and other actions of the employer, an employer's expressed hostility towards members protected by the statute together with knowledge of the employee's military activity, and disparate treatment of certain employees compared to other employees with similar work records or offenses.

278 F.3d at 900. The foregoing is not an exclusive list of factors to be considered, however. *Leisek* went on to confirm that the "court may consider <u>all record evidence</u>, including the employer's explanation for the actions taken." *Id* (emphasis added).

Mr. Claus will not regurgitate his opening brief, but rather will address a few key points of Canyon County's *Leisek* analysis.

        1.   <u>Temporal Proximity</u>.

First, at pages 18-20 of its opposition brief, Canyon County argues that, as a matter of law, no temporal proximity supports an inference that Mr. Claus's military service was a motivating factor in its termination of this employment.

The appropriate jumping off point for any temporal proximity analysis is the December 12, 2017 meeting with Mr. James and Mr. Bazzoli wherein Mr. Claus

engaged in USERRA-protected activity by reporting he felt he was suffering compensation discrimination on the basis of his military service. 1 ER 004. The fact that Mr. Claus's military service concluded in 2013 is a red herring; Mr. Claus engaged in USERRA-protected activity in mid-December of 2017, and he received a pre-termination notice on July 28, 2018. 1 ER 017. Thus, the relevant time period for temporal proximity analysis is a little over seven months.

Canyon County argues that such seven month time period means that no temporal proximity exists as a matter of law. Under *Leisek*, however, all record evidence is appropriately considered. 278 F.3d at 900. Considering the full evidentiary record, there are several reasons why a reasonable juror could consider the facts of this case and find temporal proximity.

As set forth on pages 8-18 of his opening brief, Mr. Claus alleges that he suffered a string of retaliation from his mid-December 2017 USERRA-protected activity up to and through the termination of his employment seven months later. Such chain of retaliation provides an inferential link from mid-December 2017 through the termination of his employment.

As set forth in detail on pages 11-18 of his opening brief, Mr. Claus alleges that the given reason for the termination of his employment, his purportedly felonious conduct surrounding the filing of the amended witness list, was highly suspect and pretextual in nature. Indeed, Mark Fucile, one of the Pacific

10

Northwest's most recognized experts in legal ethics, has opined that Mr. Claus did nothing wrong with regards to the filing of the amended witness list. What one can reasonably infer is that the Canyon County attorneys who terminated Mr. Claus's employment possess an understanding of protected activity and unlawful retaliation and were smart enough to not terminate Mr. Claus's employment immediately after he engaged in USERRA-protected activity, but rather bide their time until an opportunity, albeit a flimsy, pretextual one, presented itself to rid themselves of Mr. Claus.

Furthermore, the Ninth Circuit has recognized temporal proximity is not a rote, time-based analysis, but depends on the unique facts and circumstances in each case. While "a lack of temporal proximity may make it more difficult to show causation, circumstantial evidence of a 'pattern of antagonism' following the protected conduct can also give rise to the inference." *Castillo v. Dominguez*, 120 Fed. App'x. 54, 57 (9th Cir. 2005) (*quoting Porter v. California Dep't of Corr*., 419 F.3d 885, 895 (9th Cir. 2005)); *see Adetuyi v. City & Cty*. of San Francisco, 63 F. Supp. 3d 1073, 1090 (N.D. Cal. 2014) ("[A] pattern of ongoing retaliation following protected conduct supports a finding of causation.") (*citing Wood v. Dollar Rent-A-Car Sys., Inc.*, 128 F. App'x 620, 622 (9th Cir. 2005)); *Ray v. Henderson*, 217 F.3d 1234, 1245 (9th Cir. 2000) (a hostile work environment may be the basis for a retaliation claim under Title VII).

Consistent with the propriety of this case by case analysis, a district court in the Northern District of California found that a five-year pattern of retaliation and harassment created a plausible inference of causation:

> In sum, the facts alleged in the SAC plausibly demonstrate both temporal proximity between Pringle's protected activities and the alleged adverse employment actions, as well as his supervisors' actual knowledge of his protected activities. Reading the SAC as a whole, he also plausibly pleads a pattern of discriminatory and retaliatory activity over the last five years, during which he made multiple complaints of discrimination and retaliation. These allegations make the inference of causation plausible.

*Pringle v. Wheeler*, 478 F. Supp. 3d 899, 918 (N. D. Cal. 2020).

Thus, the seven months that passed between Mr. Claus's USERRA-protected activity and the termination of his employment does not mean, as a matter of law, that there exists no temporal proximity. Considering all record evidence, the jury could find temporal proximity given the chain of retaliation and pretextual nature of the stated reason for termination.

2.  <u>Inconsistency in Canyon County's Stated Reason for Termination</u>.

At pages 20-21 of its opposition brief, Canyon County argues there exists no inconsistency in its conduct vis-à-vis its stated reason for terminating Mr. Claus's employment, the filing of the amended witness list.

12

Again, however, reasonable minds can disagree on this point when considering all the record evidence. *Leisek*, 278 F.3d at 900. As discussed on pages 15-18 of Mr. Claus's opening brief, Mr. Fucile opines that Mr. Claus did nothing wrong ethically in his handling of the filing of the amended witness list, and there is the glaring inconsistency of the fact that both Mr. Bazzoli and Mr. James (1) testified they believed Mr. Clause committed a felony in filing the amended witness list, but (2) never filed a bar complaint regarding Mr. Claus, thereby ironically committing their own violation of Rule 8.3(a) of the Idaho Rules of Professional Conduct.

From these facts and Mr. Fucile's opinions, a reasonable juror could certainly question the efficacy and consistency of Canyon County's stated reason, the amended witness list filing, for terminating Mr. Claus's employment and infer that such reason was pretextual.

3.    <u>Hostility Towards Military Service</u>.

At pages 22-24 of its opposition brief, Canyon County argues it never expressed any hostility towards Mr. Claus on the basis of his military service as a matter of law.

Again, however, taking all the record evidence into consideration, inferences can be drawn by a reasonable person that Canyon County was hostile towards

13

crediting Mr. Claus for all the years of his JAG military service, including deployments in Iraq, when calculating his salary.

As detailed on pages 8-11 of his opening brief, after Mr. Claus engaged in USERRA-protected activity, Mr. James constantly, sarcastically belittled him as a "fourteen-year attorney", though Mr. James could not recite the years of service of other attorneys in the office. Mr. Claus's years of JAG military service was inextricably contained within his years of service calculations; thus, Mr. James' belittling of Mr. Claus's overall experience as an attorney included belittling his JAG military service.

The entire pattern of retaliation detailed by Mr. Claus, including his involuntary transfer to the child protection docket, targeted nitpicking of his work, and pretextual termination of employment all took place after the December 12, 2017 meeting in which Mr. Claus engaged un USERRA-protected activity. When viewed as a whole, the entirety of this conduct by Canyon County can support a reasonable inference that Mr. Claus suffered retaliation based on, and thus hostility towards, his military service-based compensation concerns raised in December of 2017.

4.   Disparate Treatment.

On page 25 of its opposition brief, Canyon County argues it never treated Mr. Claus differently than any others in the office.

14

This fact, however, is disputed. As described on page 7 of his opening brief, Mr. Claus testified that in a meeting of the entire public defenders office in the fall of 2017, Mr. Bazzoli singled out Mr. Claus as being the only attorney in the office who was not being paid for all years of service since passing the bar.

Furthermore, there is the extensive retaliation Mr. Claus suffered after engaging in USERRA-protected activity on December of 2017, as detailed on pages 8-18 of his opening brief. Mr. Claus was transferred to the child protection docket, singled out for ridicule as a "fourteen-year attorney", harassingly critiqued, and ultimately terminated based on pretextual reasons. There is no indication in the record any other Canyon County attorney bore the brunt of such retaliation and maltreatment.

Thus, there are facts and inferences to be drawn upon which a reasonable person could conclude that Mr. Claus was singled out and treated disparately based on his USERRA-protected activity.

          5.   <u>The Entirety of the Record Evidence</u>.

Again, however, the analysis is not limited to the enumerated factors discussed in *Leisek*. Rather, the analysis appropriately includes "all record evidence." 278 F.3d at 900. When considering all record evidence and construing the facts and inferences in the light most favorable to Mr. Claus as required at the summary judgment stage of proceedings, the following is adduced:

- Mr. Claus engaged in USERRA-protected activity in mid-December of 2017, by reporting his belief he was being discriminated against in terms of compensation by virtue of his military service, and providing written information to Canyon County regarding USERRA, resulting in an upward adjustment of his pay.

- Shortly after Mr. Claus engaged in USERRA-protected activity, Mr. James began singling out and referring to Mr. Claus as a "fourteen-year attorney" in a belittling and sarcastic manner.

- Shortly after Mr. Claus engaged in USERRA-protected activity, Mr. Bazzoli and Mr. James began singling Mr. Claus out for minor offenses, up to and through the termination of Mr. Claus's employment.

- After Mr. Claus engaged in USERRA-protected activity, Mr. Claus was involuntarily transferred with no explanation from his misdemeanor criminal docket assignment, the stepping-stone to a felony team assignment, to the child protection docket. An attorney with less experience replaced Mr. Claus on his misdemeanor docket.

- After Mr. Claus engaged in USERRA-protected activity, Canyon County terminated his employment for allegedly committing a felony vis-à-vis the amended witness list filing. This despite the fact Mr. James and Mr. Bazzoli never reported Mr. Claus to the bar as they were required to do so if they genuinely believed Mr. Claus committed a felony, and a legal ethics expert has opined that Mr. Claus did nothing wrong.

In sum, to rule for Canyon County, this Court will have to affirm the District Court's ruling that no reasonable person could consider the foregoing facts and conclude Mr. Claus's USERRA-protected activity in mid-December of 2017 was a motivating factor in Canyon County's decision to terminate his employment. To the contrary, Mr. Claus submits that, under these facts, reasonable minds can

16

rationally disagree as to the inferences to be drawn therefrom and reasonably conclude that yes, there is an evidentiary and inferential link between Mr. Claus's USERRA-protected activity in mid-December of 2017 and the termination of his employment approximately seven months later.

Indeed, this case is a manifest example of why this Court has so often stated that it is difficult for employers to obtain summary judgment in employment discrimination cases. There are no smoking guns. Rare is the employer foolish enough to send an email explicitly stating its intent to pretextually terminate an employee for unlawfully discriminatory reasons. This case, like virtually all employment discrimination cases, is built on inferences and individually small events that combine to build a whole narrative.

Witness credibility in such cases is critically important, for example in this case the jury's credibility determinations as to Mr. Claus's testimony that Mr. Bazzoli repeatedly singled him out and belittled him as a "fourteen-year attorney" and the testimony of Mr. Bazzoli and Mr. James explaining why they believed Mr. Claus committed a felony yet decided not to file a bar complaint against him as they were required to do by Rule 8.3 of the Idaho Rules of Professional Conduct. But such witness credibility is fairly tested by a jury with the witnesses live in front of them, not by a district court reviewing deposition transcripts.

17

Canyon County may have a defensible case, or Mr. Claus may achieve a verdict, but there are ample facts sufficient to allow reasonable persons to disagree as to whether Mr. Claus's USERRA-protected activity was a motivating factor in Canyon County's decision to terminate his employment, thus entitling Mr. Claus the opportunity to present his claim to a jury of his peers in open court.

C.   **The District Court Erred in Ruling as a Matter of Law that Mr. Claus was Appropriately Terminated Based on the Amended Witness List Filing, Regardless of any USERRA-Protected Activity**.

The District Court ruled in the alternative that, even wholly disregarding Mr. Claus's USERRA-protected activity, Mr. Claus "would have been terminated even if he had never served in the military" based on the circumstances surrounding the filing of the amended witness list in July of 2018. 1 ER 017. The District Court found that no reasonable jury could conclude that Mr. Claus was terminated for any reason other than a good faith belief on the part of Canyon County that Mr. Claus engaged in misconduct. 1 ER 017. An employer may avoid liability under USERRA if, after a plaintiff has made a *prima facie* "motivating factor" showing, "the employer may then avoid liability only by showing, as an affirmative defense, that the employer would have taken the same action without regard to the employee's protected status." *Leisek*, 278 F.3d at 899.[1]

---

[1] Canyon County discusses this USERRA analytical framework on pages 34-45 of its opposition brief. This USERRA analytical framework closely resembles the

For the reasons set forth at pages 36-38 of his opening brief, however, Mr. Claus adduced facts upon which a reasonable person could reach the conclusion that Mr. Claus's would not have been terminated absent his USERRA-protected activity, that the termination of his employment was pretextual. Put another way, one could reasonably conclude on these facts that the termination of Mr. Claus's employment by Canyon County simply does not add up and pass the smell test.

When considering "all record evidence" as required by *Leisek* and construing the facts and inferences in the light most favorable to Mr. Claus as required at the summary judgment stage of proceedings, the following is adduced:

- Mark Fucile, an esteemed and extensively experienced legal ethics expert who writes an ethics column published monthly in the Washington State Bar News, opines that Mr. Claus did absolutely nothing ethically improper with regards to the amended witness list filing.

---

classic three step *McDonnell Douglas* burden-shifting analytical framework axiomatically applicable to employment discrimination cases, wherein a plaintiff offers a *prima facie* case of discrimination, an employer offers a non-discriminatory reason for the adverse employment action, which the plaintiff must then rebut. *See, e.g., Davis v. Team Elec. Co.*, 520 F.3d 1080, 1089 (9th Cir. 2008) (describing *McDonnell Douglas* burden shifting analysis in employment discrimination claims). *Leisek* seems to simply label the employer's offer of a non-discriminatory reason for the adverse employment action as an "affirmative defense" rather than a step in an analytical framework. *Leisek*, 278 F.3d at 899. Thus, if anything, *Leisek* raises the bar for employers in USERRA cases on summary judgment because a defendant, not the plaintiff, bears the burden of proof on an affirmative defense. *See Kanne v. Conn. Gen. Life Ins. C*o., 867 F.2d 489, 492 n. 4 (9th Cir. 1988) ("The defendant bears the burden of proof on an affirmative defense, in the same way that the plaintiff bears the burden of proof on a claim for relief.")

- Both Mr. Bazzoli and Mr. James testified they believed Mr. Claus committed a felony, yet neither reported Mr. Claus to the Idaho State Bar <u>as they were required to do ethically by Rule 8.3 of the Idaho Rules of Professional Conduct</u> if they actually held such belief.

- Mr. Claus's lack of disciplinary record.

- Canyon County's mention of retaliation in its letter terminating Mr. Claus's employment, suggesting it was concerned about the appearance of retaliation.

Again, to affirm the District Court and rule in favor of Canyon County, this Court will have to conclude that <u>no reasonable person</u> could consider these facts and reach the conclusion that Canyon County's termination of Mr. Claus's employment based on the filing of the amended witness list was anything but 100% genuine and done in good faith. Clearly, however, reasonable minds can consider the foregoing evidence and reach differing conclusions; it is certainly within the realm of reason based on the foregoing evidence to conclude that Canyon County's use of the amended witness list filing issue as justification to terminate Mr. Claus's employment was suspect and pretextual in nature.

The failure of Mr. Bazzoli and Mr. James to file a bar complaint against Mr. Claus, despite testifying that they believed he committed a felony, is incredibly telling. Commission of a felony by a bar-licensed attorney is a very significant issue, and Rule 8.4 of the Idaho Rules of Professional Conduct makes it clear an attorney knowing of such serious violation is ethically obligated to report it to the

bar, yet Mr. Bazzoli and Mr. James failed to do so. The inference one can reasonably draw is that Mr. Bazzoli and Mr. James did not actually believe Mr. Claus committed a felony and were thus unwilling to sign their names to a bar complaint alleging that to be the case, to put their own reputations on the line with the bar by making such serious allegations of wrongdoing against Mr. Claus. Rather, one can infer that Mr. Bazzoli and Mr. James finally saw an opportunity to retaliatorily terminate Mr. Claus's employment, even though they knew he did not commit a felony, thus explaining why they filed no bar complaint.

Both the District Court in its ruling, and Canyon County in its argument at pages 26-33 of its opposition brief, place a great deal of emphasis on the premise that even if Canyon County was technically incorrect in concluding that Mr. Claus committed a felony or violated the Idaho Rules of Professional Conduct with regards to the filing of the amended witness list, Canyon County's <u>subjective belief that Mr. Claus committed a felony or ethical violation was held in good faith and thus immunizes it from liability</u>.

Determining whether a party acted in good faith or not, however, constitutes impermissible weighing of the evidence and witness credibility and cannot be decided as a matter of law on summary judgment. An employer cannot escape liability in employment cases simply by taking the position its conduct was taken in "good faith" regardless of the circumstances. Such determination must be made

by the trier of fact on a full evidentiary record, with the benefit of live witness testimony. *See, e.g., Proctor v. Consol. Freightways Corp. of Delaware*, 795 F.2d 1472, 1476 (9th Cir. 1986) ("Whether an employer has met its statutory burden to initiate a <u>good faith effort</u> to accommodate an employee's beliefs is a question of fact." (emphasis added)); *Nicholson v. Board of Education*, 682 F.2d 858, 864 (9th Cir.1982) (<u>decision as to an employer's true motivation</u> in deciding not to rehire an employee is reserved to trier of fact) (emphasis added); *Smith v. Christie*, 1980 WL 1483, at *1 (N.D. Cal. Dec. 24, 1980) (…there remains a genuine issue of material fact that would <u>preclude a finding that defendants acted in good faith as a matter of law</u>." (emphasis added)).

### D.  *Mr. Claus's Emotional Distress Claim is Dependent on the Viability of his USERRA Claim*.

As a final housekeeping matter, Canyon County notes at pages 45-46 of its opposition brief that the District Court dismissed Mr. Claus's emotional distress claim. Canyon County correctly notes that Idaho law requires a breach of a duty as a condition precedent for an emotional distress claim. *See Bollinger v. Fall River Rural Elec. Co-op., Inc*., 152 Idaho 632, 642, 272 P.3d 1263, 1273 (2012) (breach of a duty recognized by law element of emotional distress claim).

Mr. Claus's emotional distress claim is thus wholly dependent on his USERRA claim. Mr. Claus has no emotional distress claim if he has no USERRA claim, and it was on this basis alone that the District Court dismissed his emotional

distress claim; the District Court did not address the merits of Mr. Claus's emotional distress claim. If this Court affirms the District Court's USERRA ruling, its ruling regarding Mr. Claus's emotional distress claim remains correct. If this Court reverses the District Court's USERRA ruling, Mr. Claus's emotional distress claim is likewise appropriately reinstated.

## CONCLUSION

This case epitomizes an employment discrimination case relying on circumstantial evidence and inferences, but that does not make it any less viable under this Court's controlling authority and precedent. Reasonable minds could consider the facts presented in this case and reach differing conclusions, either in favor of Mr. Claus or Canyon County. Under such circumstances, when reasonable persons can consider a set of facts and reach differing conclusions, summary judgment is inappropriate and Mr. Claus is entitled to have the merits of his claim decided by a jury of his peers, upon a full presentation of the evidence and live witness testimony.

DATED this 6th day of March, 2023.

LAW OFFICES OF MATTHEW G. GUNN

/s/ Matthew G. Gunn
Matthew G. Gunn
Attorneys for Appellant

23

## <u>STATEMENT OF RELATED CASES</u>

Plaintiff/Appellant is not aware of any other cases before the Ninth Circuit which are related to his appeal.

## <u>CERTIFICATE OF COMPLIANCE</u>

I certify that pursuant to Fed. R. App. P. 32(a)(7)(C) and Ninth Circuit Rule 32-1, the attached Reply Brief is proportionately spaced, has a typeface of 14 points or more and contains 5,545 words.

DATED THIS 6th day of March, 2023.

/s/ Matthew G. Gunn
for Rossman Law Group, PLLC and Law Offices of Matthew G. Gunn

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 6, 2023, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

/s/ Matthew G. Gunn
for Rossman Law Group, PLLC and Law
Offices of Matthew G. Gunn